UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 09-40029-27 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER RE: MOTION TO SEVER |
| - vs | * | |
| BENJAMIN MELENDEZ-ROCHA, | * | |
| Defendant. | * | |

FILED
JUL 2 8 2010
CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant Benjamin Melendez-Rocha has moved to sever his case pursuant to FED. R. CRIM. P. 14. Doc. 840. Melendez-Rocha is charged in the Fourth Superseding Indictment with conspiracy to distribute methamphetamine, conspiracy to distribute marijuana, and conspiracy to conduct a financial transaction to conceal the proceeds and promote the unlawful distribution of controlled substances. Melendez-Rocha is named in Counts 1, 2, and 3, but is not named in Counts 4, 5, and 6 of the Fourth Superseding Indictment. The crimes charged in Counts 4, 5, and 6 involve co-defendants charged in the conspiracy counts naming Melendez-Rocha and are alleged to have occurred in the same time frame as the charged conspiracies.

Melendez-Rocha contends that he will be prejudiced with "criminal allegations surfacing during the same trial that have no relation to the Defendant's charges, the danger is that the Defendant could be held responsible for wrongdoing that had no relation to the particular charges he faced." Melendez-Rocha further contends that there is potential for confusion because the discovery reflects multiple names and occasional references to individuals sharing the same first or last name. Although Melendez-Rocha expresses a concern that *Bruton* issues will arise during trial, he does not specify any problems encompassed by the holding in *Bruton v. United States*, 391 U.S. 123 (1968), or the later cases that have addressed that holding.

There is a preference in the federal system for joint trials of defendants who are properly

charged in the same Indictment under FED. R. CRIM. P. 8(b)[1]. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Melendez-Rocha has not alleged that FED. R. CRIM. P. 8(b) was violated. Instead, Melendez-Rocha contends he is prejudiced by the joinder and entitled to severance under FED. R. CRIM. P. 14. Prejudice may be demonstrated by showing either that the codefendants' defenses are irreconcilable or that the jury will be unable to compartmentalize the evidence as it relates to the separate co-defendants. *United States v. Frank*, 354 F.3d 910 (8th Cir. 2004). But even in cases where the risk of prejudice from a joint trial is high, less drastic measures, such as limiting instructions, will adequately cure any risk of prejudice. *Zafiro v. United States*, 506 U.S. at 539.

Generally, defendants charged in a conspiracy should be tried together. This is particularly true where proof of the charges against the defendants is based upon the same evidence and acts. *United States v. Frank*, 354 F.3d at 920. Since Melendez-Rocha is charged with conspiracy and since the Court has not been persuaded that it is unable to cure any risk of prejudice by measures less drastic than severance, Melendez-Rocha's motion to sever is denied. Accordingly,

IT IS ORDERED that Melendez-Rocha's motion to sever (Doc. 840) is denied.

Dated this 28th day of July, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
BY: Summer Wahpekeche
DEPUTY

---

[1]FED. R. CRIM. P. 8(b) states: The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.