UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
JUN 0 2 2016
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 09-40029-27 |
| | * | |
| Plaintiff, | * | MEMORANDUM OPINION AND |
| | * | ORDER DENYING MOTION FOR |
| -vs- | * | REDUCED SENTENCE |
| | * | UNDER 18 U.S.C. § 3582(c)(2) and |
| BENJAMIN MELENDEZ-ROCHA, | * | AMENDMENT 782 |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Benjamin Melendez-Rocha filed a pro se motion for a reduced sentence pursuant to Amendment 782 of the United States Sentencing Guidelines and the provisions of 18 U.S.C. § 3582(c)(2). (Doc. 1299.) The government resists the motion. (Doc. 1300.) For the reasons set forth below, Melendez-Rocha's motion will be denied.

## BACKGROUND

On December 10, 2010, Melendez-Rocha was sentenced by this court after a jury found him guilty of conspiracy to distribute a mixture or substance containing 500 grams or more of methamphetamine and conspiracy to commit money laundering as charged in counts 1 and 3 of the indictment. The Court sustained Melendez-Rocha's objection to a four-level increase in his base offense level for being an organizer or leader and instead applied only the three-level enhancement as a manager. Melendez-Rocha's total offense level was 41. With a criminal history category of VI, Melendez-Rocha's advisory guideline range was 360 months to life imprisonment. Melendez-Rocha's lawyer argued in favor of a variance below 30 years of imprisonment, comparing him with the leader of the conspiracy whose role in the offense was much greater and who had received a sentence of 30 years of imprisonment, and contending that Melendez-Rocha's sentence should not be as long. After considering the factors under 18 U.S.C. § 3553, and in particular noting that Melendez-Rocha had a criminal history category of VI, the Court determined that there was no basis

for a downward variance. (Doc. 1115 at 15.) Melendez-Rocha was sentenced to 360 months on the methamphetamine conspiracy charge and 240 months on the money laundering conspiracy charge, both sentences to run concurrently and also to run concurrently with sentences that were imposed in Arizona.

After Melendez-Rocha's sentencing, the government realized that a prior drug conviction did not meet the requirements for increased punishment under 21 U.S.C. § 851(a), and the government withdrew an information providing notice that it would seek increased punishment pursuant to section 851(a) for that conviction.[1] In light of this new development and Melendez-Rocha's motion to correct his sentence under Rule 35(a), the Court vacated the sentence and held another sentencing hearing on December 18, 2010. There, the Court granted Melendez-Rocha's objection to the career offender enhancement and thus his criminal history category was not enhanced to VI. The government agreed that Melendez-Rocha's criminal history category was III rather than VI. (Doc. 1118 at 8.) With a total offense level of 41 and criminal history category III, Melendez-Rocha's advisory guideline range remained at 360 months to life imprisonment.

The new criminal history category of III instead of VI prompted the Court to revisit the issue of a variance at the second sentencing hearing. (Doc. 1118 at 12.) Although the co-defendant and leader of the conspiracy was found guilty on the marijuana count, the Court noted that Melendez-Rocha was found not guilty on that count. (*Id.*) The Court also credited Melendez-Rocha for not having a gun enhancement. (*Id.* at 12-13.) The Court concluded that a variance would be granted in order to avoid unwarranted sentencing disparities. A sentence of 348 months imprisonment was imposed on the methamphetamine conspiracy count. (*Id.* at 14.)

---

[1] The § 851(a) enhancement resulted in a statutory mandatory minimum sentence of 20 years which was lowered to 10 years after the government withdrew its Notice of Intent to seek Increased Punishment. But neither the Court's original nor amended sentences were impacted by any error in representing the mandatory minimum as 20 years as opposed to 10 years.

On direct appeal, the Eighth Circuit affirmed Melendez-Rocha's conviction and sentence. *See United States v. Diaz-Pellegaud*, 666 F.3d 2012 (8th Cir. 2012). On January 5, 2016, this Court denied Melendez-Rocha's motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255. *See* CIV. 13-4102 , docs. 26, 27. That decision is currently on appeal before the Eighth Circuit. *Id.*, doc. 28.

After the Sentencing Commission adopted Amendment 782, made retroactive by U.S.S.G. § 1B1.10, Melendez-Rocha filed his first motion for a sentence reduction based on Amendment 782 on August 26, 2015.[2] (Doc. 1280.) Essentially, Amendment 782 "applies retroactively to reduce most drug quantity base offense levels by two levels." *United States v. Lawin*, 779 F.3d 780, 781 n. 2 (8th Cir. 2015) (per curiam) (citing *United States v. Thomas*, 775 F.3d 982 (8th Cir. 2014)). Under Amendment 782, Melendez-Rocha's new total offense level is 39 rather than 41and, with a criminal history category of III, his sentencing range is 324 to 405 months. In an Order issued on September 25, 2015, the Court granted the motion for a sentence reduction and reduced Melendez-Rocha's sentence to 324 months imprisonment on the methamphetamine count. (Doc. 1282.)

In Melendez-Rocha's pending pro se motion he asserts that educational achievements and vocational rehabilitation he has accomplished in prison entitle him to a further reduction in his sentence under Amendment 782 and the provisions of 18 U.S.C. § 3582(c)(2).

## DISCUSSION

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(2) if a defendant's sentence was based on a sentencing range subsequently lowered by the Sentencing Commission, and that a reduction is "consistent with applicable policy statements issued by the

---

[2]On August 14, 2014, Chief Judge Jeffrey L. Viken issued a Standing Order appointing the Office of the Federal Public Defender for the Districts of South Dakota and North Dakota to represent all defendants in criminal cases in those districts who may be eligible to seek a reduced sentence based upon retroactive application of Amendment 782 to the United States Sentencing Guidelines if the drug quantity table of U.S.S.G. § 2D1.1 was used in calculating their sentence. An Assistant Federal Public Defender filed Melendez-Rocha's first motion on his behalf.

3

Sentencing Commission." 18 U.S.C. § 3582(c)(2). The United States Sentencing Commission has imposed restrictions on a court's ability to reduce a sentence, and courts have no choice but to follow the Sentencing Commission's applicable policy statements in considering a sentence reduction. The Supreme Court has stated that § 3582(c)(2) "provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission," and does not provide for "a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825-26 (2010) (citing 28 U.S.C. § 994(a)(2)(C)) (alterations in original). Because the Commission maintained the ability to determine the scope and content of available sentence reductions under § 3582(c)(2), courts are "constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'" *Id.* at 826. Section 1B1.10(b)(2)(A) of the sentencing guidelines states, in relevant part, that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range...."

The Supreme Court established a two-part analysis to guide a district court in considering a § 3582(c) motion. *See Dillon*, 560 U.S. at 826-27. First, the court must recalculate the applicable guideline range by determining what it would have been if the amended guideline had been in effect at the time of sentencing. *Id.* at 827; *see also* U.S.S.G. § 1B1.10(b)(1). A reduction under § 3582(c)(2) is not authorized unless the amended guideline has "the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B). Second, if a defendant is eligible for a sentence reduction, the district court must consider any applicable sentencing factors listed in 18 U.S.C. § 3553(a) and decide whether to exercise its discretion to reduce the defendant's original sentence, and to what extent, *see Dillon*, 560 U.S. at 827, keeping in mind, however, that the Sentencing Commission has decreed that a court may not reduce a defendant's sentence to a term less than the low end of the amended guideline range.[3]

---

[3] The only exception is if the court had reduced the defendant's sentence below the initial minimum guideline range based on a government's motion to reflect the defendant's substantial assistance to authorities. *See* USSG § 1B1.10(b)(2)(B). Only in those cases might a reduction

4

In this case, the Court completed the two-step process for Melendez-Rocha before granting his first motion for a sentence reduction. First, the Court determined that, under Amendment 782, Melendez-Rocha's new total offense level is 39, his criminal history category remains at III, and his sentencing range is 324 to 405 months. Next, the Court considered relevant § 3553(a) factors and reduced Melendez-Rocha's sentence to the bottom of the new guideline range (324 months) on the methamphetamine count, which is the lowest sentence that the Court had authority to impose under the parameters set by the Sentencing Commission.

The Court commends Melendez-Rocha for his efforts to improve himself while in prison, but the Court has no authority to reduce Melendez-Rocha's sentence any further. Accordingly,

> IT IS ORDERED that Defendant Benjamin Melendez-Rocha's pro se motion for modified sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, Doc. 1299, is denied.

Dated this 1st day of June, 2016.

BY THE COURT:

_Lawrence L. Piersol_
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
          Deputy

---

comparably less than the minimum of the amended guideline range be appropriate. *See* USSG § 1B1.10, comment. (n.3) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the Court imposed a term of imprisonment outside the guideline range applicable to the defendant at the time of sentencing as a result of a downward departure or variance and such term is less than the minimum term of imprisonment provided by the amended guideline range); *see also United States v. Anderson*, 686 F.3d 585, 588–90 (8th Cir. 2012) (affirming that § 3582(c)(2) sentence reductions below the bottom of amended guideline range are limited to an amount comparable to the downward departure the defendant had initially received for providing substantial assistance, and emphasizing that court's authority to reduce a sentence is constrained by USSG § 1B1.10(b)(2)(A)).

The exception is not applicable here because the downward variance at Melendez-Rocha's sentencing on December 18, 2010 was not based on assistance to authorities.