UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>BENJAMIN MELENDEZ-ROCHA,<br>Defendant | 4:09-cr-40029<br><br>MEMORANDUM AND<br>ORDER DENYING MOTION<br>FOR SENTENCE<br>REDUCTION |

Pending before the Court is a motion filed by Benjamin Melendez-Rocha in which he requests a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, asserting he is "a ZERO Criminal History Point offender." (Doc. 1325). He also requests the appointment of counsel. (Id.). The United States has responded, arguing that the motion should be denied because Melendez-Rocha does not meet the criteria set forth in Amendment 821, Part B, Subpart 1, which now appears as U.S.S.G. § 4C1.1. (Doc. 1326). The Federal Public Defender's Office does not intend to supplement Defendant's filing. (Doc. entry 3/29/2024). For the following reasons, the Court denies Melendez-Rocha's motion.

**BACKGROUND**

Defendant was convicted of conspiracy to distribute a mixture or substance containing 500 grams or more of methamphetamine and conspiracy to commit

1

money laundering. (Doc. 982). The Court sentenced him to 360 months on the methamphetamine conspiracy count and 240 months for the money laundering conspiracy, to run concurrently. (Doc. 1050). The base offense level was 38 and the Court imposed a three-level enhancement for Defendant's participation as a manager, for a total offense level of 41. (Doc. 1115, PgID 4023). The criminal history category was determined to be VI, based on 6 criminal history points and status as a career offender. (PSR ¶¶ 65, 66). Subsequently the basis for the career offender designation was withdrawn and the criminal history category was determined to be III based on the 6 criminal history points. The Guidelines range remained 360 months to life. The Court granted a variance and amended the sentence to 348 months imprisonment on the conspiracy to distribute methamphetamine count and once again imposed the 240-month sentence on the money laundering count. (Doc. 1074).

Defendant later moved for a reduction in sentence pursuant to Amendment 782 of the Sentencing Guidelines. (Doc. 1280). The Court granted the motion and reduced the sentence to 324 months on the methamphetamine conspiracy count, while leaving the 240 months on the money laundering conspiracy in place. (Doc. 1282). Despite Defendant's additional request for reduction, the Court denied it on the basis of lack of authority for further reduction. (Doc. 1301).

Defendant comes before the Court seeking a reduction in his sentence

pursuant to Amendment 821 of the Guidelines. (Doc. 1325).

## LEGAL STANDARD

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Galvan-Jacinto*, 2023 WL 9007294, *2 (W.D. Okla. Dec. 28, 2023).

Amendment 821 to the Guidelines provides as follows:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders

(a) Adjustment.--If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;

3

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Pertinent to the case at bar is the reference at § 4C1.1(a)(10) to a defendant's sentence having included an adjustment for role in the offense pursuant to § 3B1.1 which provides as follows:

§ 3B1.1. Aggravating Role

Based on the defendant's role in the offense, increase the offense level as follows:
(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. § 3B1.1.

## ANALYSIS

First, with respect to § 4C1.1, Defendant's criminal history score was III based on 6 criminal history points. Because Amendment 821 provides relief only to zero-point offenders, Defendant does not qualify for any reduction in sentence pursuant to § 4C1.1(a)(1). Accord *United States v. Kwot*, 2024 WL 230079, *1 (D. Minn. Jan. 22, 2024) (holding relief unavailable to Defendant with one criminal history point).

Second, as noted previously, the Court imposed a sentence on Melendez-Rocha which included a 3-level increase for his role in the offense as a manager. (Doc. 1115, PgID 4023). The basis for the enhancement was Defendant's role as a manager of a subpart of the conspiracy. (Id.). Thus, Defendant does not qualify for a reduction in sentence pursuant to § 4C1.1(a)(10). See generally, *United States v. Gordon*, 2023 WL 8601494, *2 (D. Maine Dec. 12, 2023) (discussing imposition of 4-level enhancement based on role in the offense and denying reduction under § 4C1.1); *United States v. Williams,* 2023 WL 8082074, *2 (S.D. Fla. Nov. 21, 2023) (same).

Because defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel. See, e.g., *United States v. Williams*, 2023 WL 8868799 (D. Minn. Dec. 22, 2023); *United States v. Ross*, 2024 WL 149130, *2 (S.D.N.Y. Jan. 12, 2024). Therefore, Defendant's motion for appointment of counsel is denied.

5

Accordingly, IT IS ORDERED that:

1. Defendant's motion for reduction in sentence is denied, (Doc. 1325); and

2. Defendant's motion for appointment of counsel is denied, (Id.).

Dated this 30th day of April, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK